**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 6 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| EVELYN JOHANA VASQUEZ GARCIA; EMILY ALANI CASTELLANOS VASQUEZ, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-3728 <br><br> Agency Nos. <br> A213-019-820 <br> A213-019-821 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2024[**]
Pasadena, California

Before: BYBEE, IKUTA, and BADE, Circuit Judges.

Petitioner Evelyn Johana Vasquez Garcia, a native and citizen of Honduras,

petitions for review of the Board of Immigration Appeals' (BIA) dismissal of her

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

appeal from an Immigration Judge's (IJ) decision denying her applications for asylum, statutory withholding of removal, and for relief under the Convention Against Torture (CAT).[1]

1.      Vasquez Garcia forfeited review of the IJ's denial of both asylum and withholding of removal by failing to challenge dispositive determinations. *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief.").

To be eligible for asylum and withholding of removal, a claimant must show, among other things, that "the persecution was [or would be] committed by the government, or by forces that the government was unable or unwilling to control." *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010); *see Lanza v. Ashcroft*, 389 F.3d 917, 933 (9th Cir. 2004) ("[C]ourts consider the same factors to determine eligibility for both asylum and withholding . . . .") (internal quotation marks and citation omitted).  The BIA noted that Vasquez Garcia did not challenge the IJ's determination that she "did not establish that the Honduran government was or would be unwilling or unable to protect her from the harm she experienced

_____

[1] Vasquez Garcia's daughter, E.A.C.V., is a derivative beneficiary on Vasquez Garcia's asylum application; she did not file a separate application.

We deny the government's motion to delete E.A.C.V. from the case. Despite improperly using "et al." in the case caption, the petition sufficiently identified the petitioners in its "caption or . . . body" by correctly listing the petitioners' agency "A" numbers.  *See* Fed. R. App. P. 15(a)(2)(A).

or fears"—an "independent ground" for the denial of asylum and withholding of removal. The BIA concluded that, because Vasquez Garcia did "not challenge[] this aspect of the [IJ's] decision, [she] therefore has waived her opportunity to do so."

In her petition for review, Vasquez Garcia does not challenge the BIA's wavier determination. Accordingly, she has forfeited review of this determination. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996) (stating that issues not specifically raised and argued in a party's opening brief are waived).

2.    Substantial evidence supports the denial of asylum and withholding of removal based on the IJ's finding, affirmed by the BIA, that Vasquez Garcia failed to establish any nexus between her past harm or feared future harm and her belonging to her proposed particular social group. *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (per curiam) (noting that "[a] personal dispute is not, standing alone, tantamount to persecution" based on a protected ground).

The lack of a nexus to a protected ground is also dispositive of Vasquez Garcia's claims for asylum and statutory withholding of removal.[2] *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357–60 (9th Cir. 2017) (explaining the motive standard applicable to asylum and withholding of removal); *Riera-Riera v. Lynch*,

---

[2] The record supports the agency's conclusion that Vasquez Garcia's former partner, who threatened her and who threatened to take their daughter, was motivated by their personal relationship and not by a protected ground.

3                                                              23-3728

841 F.3d 1077, 1081 (9th Cir. 2016). Therefore, this court need not consider Vasquez Garcia's remaining contentions regarding these forms of relief, including her challenge to the agency's determination that her proposed particular social group was not cognizable. *Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

3.      Vasquez Garcia challenges the denial of CAT protection and argues that the BIA erred in finding her CAT claim waived. Vasquez Garcia's notice of appeal to the BIA did not mention her CAT claim, and instead focused on asylum and past harm. In her brief on appeal to the BIA, Vasquez Garcia generally requested "*de novo* review of the record." The body of Vasquez Garcia's brief, however, did not include any arguments directed to the IJ's denial of CAT protection. Because Vasquez Garcia did not challenge the denial of CAT protection in her appeal to the BIA, she forfeited review of her arguments pertaining to that claim and failed to exhaust remedies with respect to that issue. *Alanniz v. Barr*, 924 F.3d 1061, 1069 n.8 (9th Cir. 2019) (determining that a CAT claim was unexhausted when it "was mentioned only twice in [the petitioner's] brief to the BIA, in the introduction and in the conclusion"). The BIA did not err in finding that Vasquez Garcia waived review of her CAT claim.

Therefore, we decline to consider Vasquez Garcia's arguments related to the denial of CAT protection.  *See* 8 U.S.C. § 1252(d)(1) (requiring the exhaustion of administrative remedies); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, claim-processing rule).

**PETITION DENIED.**[3]

---

[3] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal is otherwise denied.

23-3728